```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


KENNETH POE,                      §
TDCJ-CID NO. 669972,              §
                                  §
          Plaintiff,              §
                                  §
v.                                §    CIVIL ACTION NO. H-06-4126
                                  §
TEXAS DEPARTMENT OF CRIMINAL      §
JUSTICE, et al.,                  §
                                  §
          Defendants.             §
```

## MEMORANDUM OPINION AND ORDER

Kenneth Poe, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint alleging numerous violations of his constitutional rights. The court ordered Poe to submit a more definite statement. After reviewing his response (Docket Entry No. 13) and other pleadings, the court has determined that part of his claims should be dismissed and that a response shall be ordered for the remaining claims.

### I.  Claims and Allegations

Poe asserts that TDCJ-CID has used excessive force against him. He also claims that he has been denied adequate medical care for his injuries, which resulted from the uses of force against him, and that his due process rights were violated during the disciplinary proceedings brought against him. Poe further claims

that TDCJ-CID officials have denied his right of access to the courts by interfering with his use of the mail and that his personal property has been unlawfully taken from him.

Poe alleges several uses of force. See Docket Entry No. 1 (Original Complaint) at 6; Docket Entry No. 13 (More Definite Statement) at 3. The first two uses of force allegedly occurred on July 15, 2005, and August 25, 2005. Docket Entry No. 1 at 6. He makes a general allegation of receiving a fractured collar bone, fingers, and a torn rotator cuff during past assaults. See Docket Entry No. 1 at 2. However, Poe does not specify when these injuries occurred and fails to provide any factual detail concerning the alleged events other than referring to grievances and disciplinary proceeding numbers. Id.; Docket Entry No. 1 at 6. See also Docket Entry No. 13 (no reference to dates).

The third use of force is alleged to have occurred on September 14, 2005. See Docket Entry No. 1 at 6; Docket Entry No. 13 at 3, 5. Poe alleges that Sergeant Roberto Morales, along with Correctional Officers Marshall Harris and Brian Zoellner, assaulted him on that date. Docket Entry No. 13 at 3, 5. See also Docket Entry No. 13-4 at 7 (Grievance). He also identifies Sergeant William Jones as a party to the assault. He states that Morales opened Poe's cell door while his arms were in the food slot. Docket Entry No. 13 at 5. Harris then hit Poe in the face with a riot shield while his arms remained pinned. Docket Entry

-2-

No. 1 at 1; Docket Entry No. 13 at 5.  Poe fell to the floor and was restrained by several guards while Harris struck him in the face, head, and neck.  Id.  Zoellner allegedly shackled Poe's ankle so tightly that the cuff broke his skin.  Docket Entry No. 13 at 5.  Poe denies saying or doing anything to provoke the assault.  Id.

Poe alleges he suffered dizziness, vomiting, blurry vision, hearing loss, and possible nerve damage as a result of the assault, which resulted in severe emotional and mental distress.  Docket Entry No. 13 at 4.  He also mentions, in a grievance dated September 21, 2005 (Docket Entry No. 13-4 at 9-10), receiving some bruising and a black eye.

Poe asserts a failure to protect claim against Wardens Jay Morgan, Ernest Gutierrez, and Austin McComb along with Captain Bradley Hutchinson.  Docket Entry No. 13 at 3.  Poe alleges that he contacted the defendants after the first two assaults but that they took no action despite their knowledge of the violations.  Id. at 4.  Poe further contends that the officers are liable in their supervisory capacities for failing to train, supervise, or implement policies to prevent further attacks.  He also names Lieutenant Kimberly Campbell, Sergeants Jones and Morales, Correctional Officers Brian Zoellner, DeJean Zoellner, James Walker, Gregory Dowdy, Ian Trotter, and Kevin Callahan, and LVN Larry Moore as defendants to his failure to protect claim.  Id. at 3.  Poe alleges that the named defendants failed to intervene when

he was assaulted and deliberately allowed the assailants to use excessive force.  Id.

Poe complains that Health Services Administrator Mark Roberts and Physician's Assistant Randall Healy denied him medical treatment and refused to refer him to a qualified health professional; however, he admits that he was provided medications. Docket Entry No. 13 at 5-6.  Although he states that health providers have been "indifferent" towards him at the time he filed his More Definite Statement, he admits that he has been seen numerous times.  He is evidently dissatisfied with the attention he received, stating that he has only been given medication, not treatment.  Id.  Poe states that he is currently on the chronic care list at the unit infirmary because of the ongoing pain that he suffered as a result of the beating.  Docket Entry No. 1 at 3.

Poe complains that Security Captain Darrell Luker denied him due process at the disciplinary hearing pursuant to the charges brought against him after the assault.  Docket Entry No. 13 at 2. He alleges that Luker would not allow him to attend or present evidence at the hearing.  Poe further alleges that he was prevented from calling or cross-examining witnesses at the hearing.  He complains that as a result of the denials he was forced to forfeit privileges.  Id. at 4.  Poe alleges that he was found guilty of failing to obey an order and was punished with 26 days of commissary restriction, 10 days of cell restriction, retention at Line Class 3, and a loss of 60 days of good time.  Id. at 6.

Poe contends that Wardens Morgan and Gutierrez, along with Mailroom Supervisor Martha Blackburn and Security Sergeant Maria Luna, have denied Poe access to the courts by seizing his mail. Docket Entry No. 13 at 2, 3. He alleges that mail to his attorney was opened and censored outside of his presence on October 30, 2006. Id. Poe claims that the actions amount to a denial of his right of freedom of speech, due process, and access to counsel in violation of the First, Fifth, Sixth, and Fourteenth Amendments. Docket Entry No. 13 at 3. Poe complains that he is forced to entrust his outgoing mail to officers who were involved in the alleged beatings. Docket Entry No. 1 at 1. In support of his claim, Poe states that he gave a sealed legal package to TDCJ-CID Officer Casandra Coxsey with instructions to mail it to an attorney in Corpus Christi. However, the package was never delivered to the mailroom. Id. Poe filed a grievance, and Coxsey responded that she placed the package in a mailbag outside of the mailroom supervisor's officer. Id. at 2. Poe does not assert that Officer Coxsey is culpable but believes that the mail pickup policy was instituted in response to his situation. Id. at 1-2.

Poe complains that Campbell, Jones, Morales, Walker, and Zoellner were involved in an illegal seizure of his personal property. Docket Entry No. 13 at 4. Poe alleges that the defendants are responsible for the theft and/or destruction of his property on September 14, 2006, presumably after the use-of-force incident on that date. Id.; see also Docket Entry No. 1 at 2.

-5-

Poe sues the defendants in both their official and individual capacities. Docket Entry No. 13 at 3. He seeks injunctive relief including an order to alter the mail policy to protect an inmate's right of confidentiality when communicating with his attorney. See Docket Entry No. 1 at 4. He also seeks removal from his current unit of assignment and placement in protective federal custody during the pendency of this action.

## II. Analysis

To state a claim under section 1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994). There is no cause of action if the plaintiff does not show that the alleged deprivation is fairly attributable to the state's involvement. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). Moreover, he cannot rely on vague or conclusory statements to support a cause of action; he must present facts which, if proven, would entitle him to relief. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Poe's pleadings are poorly written and have required liberal

interpretation to avoid dismissal in their entirety. Haines v. Kerner, 92 S.Ct. 594 (1972).

### A.   Excessive Use of Force

Poe alleges that he was assaulted several times by TDCJ-CID officials. Such claims are reviewed pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment including the "'unnecessary and wanton infliction of pain.'" Hudson v. McMillian, 112 S.Ct. 995, 998 (1992), quoting Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986). To establish such a claim, Poe must present facts that show he was injured by the use of force against him and that the force was not used in a good faith effort to maintain or restore discipline but instead was used maliciously and sadistically for the very purpose of causing harm. Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996).

Poe alleges three assaults, but provides no specific facts regarding the first two. The court examined the grievances attached to Poe's More Definite Statement (Docket Entry No. 13) and found that none related to the assaults that are alleged to have occurred on July 15, 2005, and August 25, 2005. There are no factual allegations regarding circumstances surrounding the two incidents or the parties involved. Although prisoners are entitled to liberal construction of their pleadings, they must present factual allegations. Jones, 188 F.3d at 326-27; Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). Poe was ordered to

describe the assaults and give useful information. Docket Entry No. 9 at 2-3. He has had a fair opportunity to provide necessary information but has failed to do so. The only pertinent information given by Poe relates to the third assault, which happened on September 14, 2005. Docket Entry No. 13 at 3, 5. Consequently, the court shall dismiss claims regarding the first two alleged assaults and focus its attention on the third assault. See Jackson v. Widnall, 99 F.3d 710, 715-16 (5th Cir. 1996) (factual details are required when constitutional violations have been alleged).

Poe alleges that Morales, Harris, and Zoellner assaulted him, without provocation, on September 14, 2005. He reports bruising and other injuries as a result of being struck in the face, head, and neck while being pinned. Although there may be some question as to the seriousness of the injuries, Poe does allege that he was restrained when he was hit. Consequently, this claim cannot be dismissed at this time. See Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999).

**B.   Failure to Protect**

Poe complains that his rights were violated when Wardens Morgan, Gutierrez, and McComb and Captain Hutchinson failed to prevent the third assault on September 14, 2005. He claims they were aware of the risk of assault because he notified them of the alleged prior assaults either through written grievances or personal conversations. Docket Entry No. 13 at 8. He also names

Campbell, Jones, Morales, Zoellner, Zoellner, Walker, Dowdy, Trotter, Callahan, and Moore as defendants, but fails to allege any facts which would indicate that the latter named individuals could have known that he was at risk before the alleged assault.

To assert a civil rights failure-to-protect claim, a prisoner must present allegations which demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Jones, 188 F.3d at 326. It must be shown that the officials were aware of facts from which they could infer that a substantial risk of serious harm existed and that they drew the inference. Neals v. Norwood, 59 F.2d 530, 533 (5th Cir. 1995). Although laconic, Poe's More Definite Statement does contain enough alleged facts to indicate that Morgan, Gutierrez, McComb, and Hutchinson were aware of a threat to Poe's safety and that the September 14 assault could have been avoided if the four defendants had not ignored the warning signs. See Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir. 1995). However, there are no facts which would implicate the other named defendants. Therefore, the failure-to-protect claims against Campbell, Jones, Morales, Brian Zoellner, DeJean Zoellner, Walker, Dowdy, Trotter, Callahan, and Moore shall be dismissed and shall only be retained with regard to Morgan, Gutierrez, McComb, and Hutchinson.

**C.   Denial of Medical Attention**

Poe claims that Mark Roberts and Randall Healy denied him medical treatment and refused to refer him to a qualified health professional. Docket Entry No. 13 at 5-6. To assert a cognizable complaint of denial of adequate medical care, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 292 (1976). Facts that may indicate negligence do not support a claim of deliberate indifference. Id. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Id. at 291-92. There must be a showing that the defendants withheld treatment knowing that serious injury would be the likely result. There can be no finding of deliberate indifference if the defendants made some effort to treat the prisoner, regardless of whether the treatment was successful. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993). See also Bass v. Sullivan, 550 F.2d 229 (5th Cir. 1977) (physician's treatment of prisoner with frostbite, which ultimately resulted in amputation of both legs, did not amount to deliberate indifference where physician pursued a definite regimen in an attempt to address the malady).

Poe complains that he was denied access to a health professional, but he does not deny that he was seen by Randall

Healy, a physician's assistant, Cavan Brophy and Theresa Place, nurses, and others. Docket Entry No. 13 at 6. Moreover, he states that he is receiving chronic care. Id. Poe's alleged facts show that he is being treated. His disagreement with the analysis by his health care providers does not support a cause of action under 42 U.S.C. § 1983. Banuelos, 41 F.3d at 235, citing Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). At the most, Poe has only presented facts which might indicate that there was a delay in treatment. Poe has failed to show that any delay has resulted in any substantial harm. Consequently, his claims regarding denial of medical attention shall be dismissed. Mendoza, 989 F.2d at 195.

**D.     Denial of Due Process**

Poe complains that he was denied due process at a disciplinary hearing that resulted in the imposition of the following punishments:  26 days of commissary restriction, 10 days of cell restriction, retention at Line Class 3, and a loss of 60 days of good time. Docket Entry No. 13 at 6. Prison disciplinary proceedings differ from criminal prosecutions, and prisoners in such proceedings are not entitled to the rights due a defendant in a criminal trial. Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974). Further, the Supreme Court has held that an inmate's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant

-11-

in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). A loss of commissary or cell privileges are not atypical and significant deprivations that would implicate due process rights. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, an adverse ruling regarding a prisoner's classification and it's speculative effects on a future release date do not support a cause of action. Malchi, 211 F.3d at 959; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Poe is currently serving a thirty-year sentence for murder. State v. Poe, No. 590405 (Harris County, Tex., Feb. 19, 1991). See TDCJ-CID Website, www.tdcj.tx.us. He is not entitled to a release before expiration of his sentence regardless of his good-time credits. Id.; TEX. GOVT. CODE Ann. § 508.145(d); TEX. CODE CRIM. PRO. art. 42.18 § 8(c). Consequently, Poe may not assert a civil rights claim regarding his loss of good time because the forfeiture does not alter the amount of time he must serve. See Madison, 104 F.3d at 769. Therefore, Poe's allegations regarding the disciplinary proceedings brought against him are subject to dismissal. Id.

**E.   Access to Courts**

Poe contends that he was denied access to the courts when officials, outside of his presence, opened and censored mail intended for his attorney. Apart from failing to present any facts which indicate that his mail was opened and censored, Poe does not

allege any injury from the alleged mail tampering.  "A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988).  Poe's conviction is more than sixteen years old, and there is no indication that an appeal or post-conviction challenge had been prevented by the officials' actions.  Nor is there any indication that Poe has been prevented from filing or pursuing a non-frivolous prisoner civil rights action.  Therefore, his access to courts claim is subject to dismissal.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

**F.   Theft of Property**

Poe complains that Campbell, Jones, Morales, Walker, and Brian Zoellner seized his property without authorization and that his property was stolen or destroyed.  Docket Entry No. 13 at 4.  Such a claim is not actionable where the State provides a remedy. Hudson v. Palmer, 104 S.Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  Texas law provides an adequate remedy for unauthorized taking of property.  See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995).  Consequently, Poe cannot seek redress in this court, and his claim regarding the loss of his personal property must be dismissed.  Id.

-13-

### III.  Poe's Motions

Poe previously moved for court-appointed counsel.  The court denied the motion noting that Poe was only required to answer the Order for More Definite Statement.  In his subsequent motion (Docket Entry No. 11), Poe again seeks an attorney and reiterates his grounds for appointment.  Specifically, Poe asserts that he has no legal training and needs an attorney to present evidence and cross-examine witnesses.  The court will deny the motion after having liberally construed the pleadings and will retain those claims that have factual and legal support.  See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007).

Poe's Motion for Leave to File an Amended and Supplement to the Order for More Definite Statement (Docket Entry No. 19) will be granted.

Poe has filed a motion (Docket Entry No. 20) in which he seeks to preserve records held by TDCJ-CID that pertain to the alleged civil rights violations.  Poe's motion covers a broad area involving personal records of individual state employees including those defendants who will be dismissed pursuant to this Memorandum Opinion and Order.  His motion will be denied because the defendants are entitled to qualified immunity from burdensome discovery, particularly with regard to those claims that are baseless.  Crawford-El v. Britton, 118 S.Ct. 1584, 1598 (1998); Geter v. Fortenberry, 849 F.2d 1550, 1554 (5th Cir. 1988).  Jacquez

v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986). The court will order the remaining defendants to respond to the retained claims, and the defendants shall submit pertinent records with their response.

Poe has filed a sealed Motion for Temporary Restraining Order (Docket Entry No. 22) in which he alleges further violations of his civil rights including threats, harassment, and interference with his legal work. He again reports that his legal correspondence has been opened and that his property has been seized without authorization. Poe seeks an injunction to prevent the defendants from disrupting his litigation efforts. The motion will be denied because there is no indication that Poe has been effectively prevented from prosecuting this action, and he has failed to establish the elements required for injunctive relief at this time. Planned Parenthood of Houston and Southeast Tex. v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).

### IV.  Conclusion

The court **ORDERS** the following:

1. The civil rights claims regarding use of excessive force and denial of protection on September 14, 2005, are **RETAINED**.

2. In a separate Order, defendants Morales, Harris, Brian Zoellner, Morgan, Gutierrez, McComb, and Hutchinson shall be instructed to file a response to the allegations.

3. All other named defendants and allegations are **DISMISSED**.

4. Poe's Motion for Leave to File an Amended and Supplement to the Order for More Definite Statement (Docket Entry No. 19) is **GRANTED**.

5. Poe's Motion for Reconsideration of Appointment of Counsel (Docket Entry No. 11), First Motion to Preserve Information, Records and Evidence for Later Discovery in Future Litigation (Docket Entry No. 20), and Emergency Motion (Docket Entry No. 22) are **DENIED**.

**SIGNED** at Houston, Texas, on this 9th day of August, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE