IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH POE, | § | |
| TDCJ-CID NO. 669972, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-4126 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Kenneth Poe is serving a thirty year sentence for murder in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He has filed a civil rights complaint against TDCJ-CID officials in both their individual and official capacities. The court dismissed claims that were legally baseless and ordered service on the defendants who were subject to the remaining claim regarding an alleged assault. Roberto Morales, Jay Morgan, Ernest Gutierrez, Austin McComb, Brad Hutchinson, and Brian Zoellner have been served and have filed a Motion for Summary Judgment (Docket Entry No. 63), which is supported by records and sworn statements. After reviewing the pleadings and evidence, the court will grant the defendants' motion and dismiss this action for the reasons set forth below.

## I. <u>Claims and Procedural History</u>

Poe, who is proceeding without counsel, filed an original complaint, followed by amendments and a response to the court's Order for More Definite Statement.  After reviewing all of Poe's pleadings, the court determined the only claims that had any legal basis were his allegations that TDCJ-CID Officers Roberto Morales, Marshall Harris, and Brian Zoellner assaulted him on September 14, 2005, and that Captain Bradley Hutchinson, along with Wardens Jay Morgan, Ernest Gutierrez, and Austin McComb failed to prevent the attack despite having knowledge of prior assaults.  <u>See</u> Docket Entry No. 37.

The incident in question occurred in Poe's prison cell.  Poe alleges that Morales kicked the cell door open with the intent to injure him.  He further alleges that Harris hit him in the face with a riot shield while his arms were pinned in the cell door's food slot.  Poe fell to the floor where he was restrained while Harris struck him in the head, face, and neck.  Zoellner then shackled him.  Poe alleges that he suffered bruises, a black eye, and possible nerve damage from the attack.  He further claims that he has experienced dizziness, vomiting, blurry vision, and hearing loss.

Poe claims that he had been previously attacked by TDCJ-CID officers.  He further alleges he had notified Hutchinson, McComb, Gutierrez, and Morgan about the previous assaults but that no

action was taken to intervene or prevent other assaults. Poe contends that Captain Hutchinson and the wardens deliberately allowed the officers to assault him.

## II. __Summary of the Defendants' Arguments and Evidence__

The defendants argue that they are entitled to qualified immunity because Poe has not stated a constitutional violation and that they are entitled to immunity under the Eleventh Amendment of the Constitution. They contend that Zoellner's, Morales's, and McComb's actions were objectively reasonable because Poe posed a security risk to officers and inmates at the time of the incident on September 14, 2005. They further state that Hutchinson, Gutierrez, and Morgan were not personally involved in the use of force incident and that Poe's injuries were de minimis to the extent that he would not be entitled to relief. They present the following evidence in support of their arguments:

In support of their motion, Defendants rely on the following documents, which include relevant portions of Poe's TDCJ-CID record and are labeled as follows:

Appendix A:    Major Use of Force Report #MA-04366-09-05, with attached business records affidavit (numbered 1 - 49);

Appendix B:    Relevant portions of Plaintiff's Classification and Disciplinary file, with attached business records affidavit (numbered 50 - 69);

3

Appendix C:    Relevant portions of Plaintiff's Emergency Action Center records, with attached business records affidavit (numbered 70 – 75);

Appendix D:    Relevant portions of Plaintiff's Grievance records, with attached business records affidavit (numbered 76 – 134); and

Appendix E:    Relevant portions of Plaintiff's Unit Medical file, with attached business records affidavit (numbered 135 – 167).

The defendants' evidence shows that there was a use of force incident involving Poe that occurred on September 14, 2005.[1] The confrontation began that evening at 10:14 p.m. when Poe purposely obstructed his cell door by sticking his hands into the food tray slot and then refused to remove them after being ordered to do so several times by TDCJ-CID officers. See Use of Force Report, Appendix A at 9-11, 24-26. Poe had engaged in such behavior before, which had forced the guards to resort to physical force to gain his compliance.

After receiving authorization from Warden McComb and issuing warnings to Poe, the officers sprayed chemical agents into the cell area in order to subdue Poe. Id; Appendix A, at 9-10. However,

_____

[1]The defendants note that there is a discrepancy between their records and Poe's complaint in which he alleges that he was assaulted on September 14, 2006. The defendants' records includes copies of grievances filed by Poe naming Harris, Zoellner, Morales, and other officers identified in this suit as participants in a use of force incident dated September 14, 2005, which is identical to the incident in question in this action. Moreover, the defendants assert there is no record for a use of force incident for September 14, 2006. Therefore, September 14, 2005, is the correct date for the incident in question.

the chemicals were ineffective because Poe had wrapped his face and neck with sheets and other items to ward them off.  <u>Id</u>.  Several minutes after the chemicals were administered, it became apparent that Poe would not voluntarily submit to the orders, and a five-man extraction team came forward to open the door and remove Poe's hands from the slot.  Morales unlocked the door, and the team entered the cell in order to restrain Poe who was actively resisting their efforts.  <u>Id</u>; Appendix A, at 34-35.  During the scuffle, Harris hit the left side of Poe's face with a riot shield.  Appendix A, at 19-20.  Poe was eventually subdued and cuffed, and a nurse, who had accompanied the extraction team, examined Poe for injuries.  Appendix A, at 17.  The examination revealed minor bruises, an abrasion to Poe's left eye, and a small laceration to the left bridge of his nose.  <u>Id</u>.; Appendix A, at 38.  Poe refused treatment and it was apparent that no serious treatment was necessary.  Appendix A, at 46.

The next day Poe was observed lying on his cell floor and complaining of a headache.  Appendix E, at 158.  When he refused to move, a stretcher was used to take him to the infirmary.  <u>Id</u>.  The attending nurse observed bruising to Poe's left eye and the bridge of his nose.  Poe also reported his headache but denied any other injuries, and no other symptoms such as nausea or vomiting were noted.  <u>Id</u>

Poe was later charged with refusing to obey an order

instructing him to remove his hands from the food slot.   Appendix
D, at 98-99.   Poe submitted a Offender Participant Statement in
which he stated, "I refused to remove my hands from the slot" and
"I refused to remove my arms from the slot.".   Appendix A, at 30.
Consequently, Poe was found guilty of committing an infraction of
the TDCJ-CID disciplinary rules.   Appendix D, at 98.


### III. Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
any affidavits filed in support of the motion, show that there is
no genuine issue as to any material fact, and that the moving party
is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c).
In deciding a motion for summary judgment, the Court must determine
whether the pleadings and records indicate if there is a genuine
issue regarding any material fact and whether the moving party is
entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c);
Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986); Little v.
Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden
of demonstrating the absence of a material fact issue.   Kee v. City
of Rowlett, Tex., 247 F.3d 206, 210 (5th Cir. 2001).   To meet this
burden, the movant must present evidence that shows that the non-
movant cannot carry its burden of proof at trial.   Smith v.

6

_Brenoettsy_, 158 F.3d 908, 911 (5th Cir. 1998).  The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim.  _Stahl v. Novartis Pharmaceuticals Corp._, 283 F.3d 254, 263 (5th Cir. 2002).  Once the movant has met this burden, the burden shifts to the non-movant to present specific facts showing that there is a genuine issue for trial; otherwise, summary judgment will be entered in favor of the movant.  _Hart v. Hairston_, 343 F.3d 762, 764 (5th Cir. 2003).


## IV. <u>Analysis</u>

### A. <u>Official Capacity Claims</u>

Claims against the defendants in their official capacities are actually suits against the governmental entities that employ the defendants.  _Kentucky v. Graham_, 105 S.Ct. 3099, 3105 (1985).  To prevail in an official capacity claim, Poe must show that the government entity is the moving force behind the violation.  _Id_. To do so, Poe must identify: (1) a policy (2) of the policy maker (3) that caused (4) the plaintiff to be subjected to a deprivation of his constitutional rights.  _Grandstaff v. City of Borger_, 767 F.2d 161, 169 (5th Cir. 1985).  At the least, the plaintiff must present specific facts showing a pattern of violations in order to prevail on a claim against a defendant in his official capacity. _Spiller .v City of Texas City_, 130 F.3d 162, 167 (5th Cir. 1997); _Frare v. City of Arlington_, 957 F.2d 1268, 1278 (5th Cir. 1992).

Poe's allegations do not support an official capacity claim under § 1983. <u>City of  Oklahoma City v. Tuttle</u>, 105 S.Ct. 2427 , 2436 (1985); <u>Bigford v. Taylor</u>, 834 F.2d 1213, 1220 (5th Cir. 1988).

**B. <u>Individual Capacity Claims</u>**

Prisoner complaints of excessive use of force are reviewed under the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Hudson v. McMillian</u>, 112 S.Ct. 995 (1992). If it is shown that force was used against the prisoner, he must establish that the force was not used in a good faith effort to restore order but maliciously and sadistically to inflict harm, and that he was injured by the use of force. <u>Eason v. Holt</u>, 73 F.3d 600, 601-02 (5th Cir. 1996), citing <u>Hudson</u>, at 999. Although a prisoner does not need to suffer a serious injury as a result of the use of force, he must have suffered some injury to establish an Eighth Amendment claim. See <u>Gomez v. Chandler</u>, 163 F.3d 921 (5th Cir. 1999). It is only the use of force which results in "wanton and unnecessary infliction of pain" that violates a prisoner's constitutional rights. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986).

The court considers the following questions in determining whether the use of force was wanton and unnecessary:

(1) What necessitated the application of force?

(2) What was the relationship between that need and the amount of force that was used?

8

(3) Did the responsible officials reasonably perceive that there was a threat?

(4) Did the officials make any efforts to temper the severity of their forceful response?

(5) What injuries did the prisoner suffer?

Hudson, at 999; Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998).

The defendants have shown that Poe obstructed his food slot, which impeded their ability to secure the cell door and adjoining area. It is essential to a prison's order and security that guards maintain discipline. Hudson v. Palmer, 104 S.Ct. 3194, 3200 (1984); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). This is necessary for the safety of the inmates as well as the prison employees. Id. By his own admission, Poe refused to obey an order to remove his arms from the slot, even after he was warned there would be serious consequences if he did not comply. In the face of such defiance, the guards had to use some form of physical coercion. See Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998). The guards attempted to accomplish their goal by using a chemical deterrent before resorting to direct force. However, Poe proved to be intractable and made it clear that the only way to get him to remove his arms was through the use of physical force. The extraction team managed to open the cell door, subdue Poe, and extricate him with minimal injuries in light of his resistance to

9

their efforts.

Without trivializing the injuries suffered by Poe, the court concludes that the actions taken by the guards, including Morales, Harris, and Zoellner, were reasonable in light of the circumstances. The court need not determine whether the guards could have defused the situation by lesser means because it is not the court's responsibility to second guess a correctional officer's response when dealing with a defiant and potentially violent felon. See Combs v. Wilkinson, 315 F.3d 548, 557 (6th Cir. 2002) (guards are entitled to wide deference regarding what is necessary to maintain order), citing Hudson, 112 S.Ct. at 995; Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The record shows that the guards' use of force was a good faith effort to restore order in the prison and not a wanton or unnecessary act in violation of Poe's constitutional rights. See Whitley v. Albers, 106 S.Ct. 1078, 1085 (1986).

The record further shows that Captain Hutchinson and Wardens Morgan, Gutierrez, and McComb were not personally involved in the use of force. Therefore, they cannot be held personally responsible for the alleged assault regardless of its legitimacy. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), ("Personal involvement is an essential element of a civil rights

cause of action."). Moreover, these defendants cannot be held liable merely because they may have been supervisors over the guards who actually used force against Poe. <u>Eason v. Thaler</u>, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983.").

Although Poe alleges that Hutchinson, Morgan, Gutierrez, and McComb failed to protect him from an illegal assault, the court has determined that the force used against Poe was justified and did not violate his rights. An inmate can only prevail on a failure to protect claim if he can show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. <u>Jones v. Greninger</u>, 188 F.3d 322, 326 (5th Cir. 1999). The record in this case demonstrates that Poe, not the guards, posed a danger to himself. Poe's claim is subject to dismissal because there is no indication that Hutchinson, Morgan, Gutierrez, and McComb deliberately ignored a danger to Poe that they could have prevented. <u>Farmer v. Brennan</u>, 114 S.Ct. 1970, 1976 (1994).

Therefore, the defendants' Motion for Summary Judgment (Docket Entry No. 63) will be granted and this action will be dismissed under FED. R. CIV. P. 56.

11

## V. <u>Plaintiff's Motions</u>

Poe has filed four motions to correct or amend his complaint. He has previously submitted a complaint and a response to the court's Order for More Definite Statement.  Because the proposed amended complaint does not add any facts that would alter the outcome of this proceeding, the motions (Docket Entry Nos. 30, 32, 33, and 36) will be denied as futile.  <u>See</u> <u>Davis v. Louisiana State Univ.</u>, 876 F2d 412, 413-14 (5th Cir. 1989).

Poe has filed two motions for court appointed counsel.  He has also requested service on two defendants in one motion.  There is no constitutional right to court appointed counsel in civil rights proceedings.  <u>Jackson v. Cain</u>, 864 F.2d 1235, 1242 (5th Cir. 1989).  Appointment of counsel is not warranted in this action because of the elementary nature of its issues and the clear showing that Poe is not entitled to relief.  <u>Wendell v. Asher</u>, 162 F.3d 887, 892 (5th Cir. 1998).  The motions (Docket Entry Nos. 41 and 55) will be **DENIED**.

Poe has also filed motions for discovery and sanctions against the defendants for allegedly failing to disclose evidence.  As noted above, the defendants have submitted relevant evidence and have proven that Poe's claims should be dismissed.  Moreover, the defendants have raised the defense of qualified immunity.  The motions (Docket Entry Nos. 48, 49, 54, and 66) will be denied.

Poe has moved for a default judgment against Marshall Harris

claiming that Harris has failed to respond to Poe's complaint. The court shall deny the motion (Docket Entry No. 61) because the evidence is clear that all defendants are entitled to be dismissed from this action regardless of whether they have filed an answer. See Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001); Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996), citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). Poe's motion for jury trial and motion for a continuance (Docket Entry No. 64) shall also be denied.

## VI. Conclusion and Order

The court **ORDERS** the following:

1. Zoellner's Motion for Leave to File an Answer and Jury Demand Out of Time (Docket Entry No. 52) is **GRANTED.**

2. All motions submitted by Poe (Docket Entry Nos. 25, 30, 32, 33, 36, 41, 48, 49, 54, 55, 61, 64, and 66) are **DENIED.**

3. The defendants' motion for summary judgment (Docket Entry No. 63) is **GRANTED.**

**SIGNED** at Houston, Texas, on this 25th of February, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

13